*Formatted for Electronic Distribution* *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:

**Sherry S. Newberry**                                **Chapter 13 Case**
            **Debtor.**                                    **# 07-10170**

_____

Filed & Entered
On Docket
July 10, 2007

*Appearances:*   Michelle Kainen, Esq.         Jan Sensenich, Esq.          Jeffrey P. White, Esq.
                     White River Junction, VT     White River Junction, VT    Rutland, VT
                     *Attorney for Debtor*             *Chapter 13 Trustee*           *Attorney for Creditor*

**MEMORANDUM OF DECISION**
**SUSTAINING CREDITOR'S OBJECTION TO DEBTOR'S AMENDED CHAPTER 13 PLAN**

Citizens Bank (the "Bank") has filed an objection to the Debtor's Amended Plan, arguing that the Amended Plan fails to meet the requirements for confirmation because (i) the Bank's mortgage is secured solely by the Debtor's principal residence, (ii) the Bank's debt was fully matured pre-petition, and (iii) the plan proposes to satisfy the Bank's debt through a combination of monthly payments during the term of the plan, followed by a balloon payment to be made after the bankruptcy case is concluded. The confluence of these three factors appears to present a question of first impression with respect to the treatment of secured debts secured only by a debtor's residence that matured pre-petition. Based upon its analysis of the new provisions of chapter 13, the Court finds that the Amended Plan fails to meet the requirements for confirmation and accordingly, sustains the Bank's objection.

**JURISDICTION**

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§157(b)(2)(L) and 1334.

**THE FACTS AND PROCEDURAL POSTURE**

The facts are not in dispute. On or about October 12, 2001, Sherry S. Newberry ("Debtor") and Richard R. Newberry executed and delivered to Charter One Bank, F.S.B., a Credit Line Agreement for a line of credit in the sum of $28,500.00 with a term of sixty months. The Credit Line Agreement is secured by a mortgage executed and delivered by Debtor and Richard Newberry to Charter One Bank, F.S.B. The Mortgage encumbers real property known as 8407 Valley View Road, Woodstock, Vermont which is the Debtor's residence. Citizens Bank is the successor in interest to Charter One Bank, F.S.B. The Credit Line Agreement matured by its express terms on October 12, 2006 and the Debtor has failed to pay the amounts due thereunder to Citizens Bank. At the time the Debtor filed her petition, on March 28, 2007, the total amount due under the Credit Line Agreement was $29,958.57. The Bank's mortgage claim is fully secured.

The Debtor's Amended Plan (doc. #14) classifies the Bank's claim under the category of "Secured Debts Which Will Extend Beyond the Length of the Plan" and lists the claim as in the amount of $29,958.57 with a monthly payment of $205 and an interest rate of 8.25%. See par 4(c) of doc. # 14. The Debtor describes the proposed treatment of this claim as follows:

> 2. The mortgage to Citizen's Bank will mature [sic] prior to the completion of the debtor's plan. Debtor proposes interest-only payments at the contract rate throughout the term of the plan. Debtor will refinance the property and satisfy the obligation to Citizen's upon completion of the Chapter 13 plan."

See par. 13 (2) of doc. # 14. In its objection to confirmation, the Bank argues, first, the Debtor may not modify the terms its claim in any way, since its claim is secured only by a security interest in real property that is the debtor's principal residence; and second, even if the Debtor can modify the Bank's claim, she must pay it in full during the term of the chapter 13 plan, since the claim became due pre-petition. See doc. # 19.

## DISCUSSION

There is no dispute about either of the key elements of the Bank's claim. It is secured only by a security interest in real property that is the debtor's principal residence, and it was fully mature on the date the Debtor commenced this bankruptcy case. The Bankruptcy Code sets forth a general prohibition against chapter 13 plan modifying a debt, such as the Bank's, which is secured solely by a lien against the debtor's principal residence:

> Subject to subsections (a) and (c) of this section, the plan may –
>    . . .
>    (2) modify the rights of holders of secured claims, **other than a claim secured only by a security interest in real property that is the debtor's principal residence,**
>    . . .;

11 U.S.C. § 1322(b)(2) [emphasis added]. However, the Bankruptcy Reform Act of 1994 added an exception to this general prohibition for those claims which are both secured only by the debtor's principal residence and mature prior to the conclusion of the plan:

> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2).

We turn first to the question of whether a debt that matured, not just prior to the conclusion of the plan, but actually prior to the filing of the case, falls within the purview of this provision. The Court finds that it does. The cases cited by the Bank to the contrary were all decided prior to the 1994 amendments. The cases decided since the effective date of the Bankruptcy Reform Act of 1994, and probative to the question presented, consistently reject the position espoused by the Bank. See, for example, In re Padgett, 273 B.R. 277

(Bankr. M.D. FL, 2001) (debtor's plan could cure default on mortgage encumbering principal residence which became fully matured and due pre-petition); In re Escue, 184 B.R. 287 (Bankr. M.D. Tenn, 1995) (chapter 13 debtor could exercise his statutory rights to cure mortgage default on mortgage that matured pre-petition), In re Wilcox, 209 BR 181 (Bankr. E.D.N.Y., 1996) (same result in connection with a reverse mortgage that fully matured pre-petition). The Court finds that the reasoning of these cases is persuasive, that § 1322(c)(2) is applicable here, and that the Debtor may modify the terms of the Bank's debt, provided her treatment of the Bank's claim complies with § 1325(a)(5).

Section 1325(a)(5) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). That new provision describes how a plan must treat a secured claim in order to meet the requirements for confirmation:

> (a) Except as provided in subsection (b), the court shall confirm a plan if –
> (5)   with respect to each allowed secured claim provided for by the plan –
>   (A)   the holder of such claim has accepted the plan;
>   (B)   (i)   the plan provides that (I) the holder of such claim retain the lien securing such claim . . .
>         (ii)  the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; **and**
>         (iii) if (I) the property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and . . [description of treatment if the collateral is personal property]; **or**
>   (C)   the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5) [emphasis added]. The description is complex because it requires that a plan must first meet one of the three conditions set forth in subsections (A), (B) or (C), but then if, as here, the debtor is trying to satisfy the criteria of subsection (B), the debtor must satisfy all three of the subparts of that subsection – and two of those subparts have two components each. Turning to the specifics of this case, the Bank has not consented to its treatment under the Amended Plan and the Debtor is not proposing to surrender the collateral to the Bank, so neither subsection (A) or (C) is an available means for the Amended Plan to satisfy the confirmation criteria as to the Bank's secured claim. In order to have her plan confirmed, the Debtor must demonstrate that the treatment of the Bank's claim that she is proposing satisfies the criteria articulated in subsection (B). That subsection has three requirements: the creditor must retain its lien, its claim must be paid in full through the plan and, if being paid in periodic payments, such payments must be "in equal monthly amounts." § 1325(a)(5)(B).

The Amended Plan can only be confirmed if its treatment of the Bank's claim satisfies all three of these criteria. It fails to satisfy two of them. First, the Debtor must distribute to the Bank the full amount of its secured debt through the plan. § 1325(a)(5)(B)(ii). Under the Amended Plan, the Debtor proposes to make the balloon payment after the plan is completed. This disqualifies the plan from being confirmable.

Additionally, the Amended Plan provides for a distribution to the Bank in the form of periodic payments and those payments are not in equal monthly amounts as is required. § 1325(a)(5)(B)(iii)(I). The Amended Plan calls for a substantial portion of the debt to be satisfied via a balloon payment to be made after 60 monthly payments are made. The well reasoned cases that have addressed whether chapter 13 plans may pay mortgage debts under this provision with a combination of monthly payments and a balloon payment have concluded that such treatment categorically violates the directive for equal monthly payments. See In re Lemieux, 347 B.R. 460 (Bankr. D. Mass 2006), In re Wagner, 342 B.R. 766 (Bankr. E.D. Tenn, 2006). Both the Lemieux and Wagner cases involved situations where the debtors were seeking to pay a mortgage claim secured only by the debtor's principal residence with a due date prior to the date the last payment under the plan is due.[1] In Lemieux and Wagner, as here, the debtors proposed to make a balloon payment to satisfy the balance remaining after making monthly payments during the term of the plan. In each case, the bankruptcy court held that the plain language of the statute required the debtors to satisfy the short term mortgage claim in full during the term of the plan through payments that were equal and monthly; and found that the proposed treatment, which paid only a portion of the claim through equal monthly payments with the remaining portion being paid through a balloon payment, failed to met the requirements of § 1325(a)(5)(B)(iii)(I). This Court finds the reasoning of these courts to be sound and because the Debtor's Amended Plan calls for the Debtor to pay a portion of the Bank's claim through a balloon payment, it finds the plan fails to satisfy the confirmation standards.

Interestingly, the Debtor "concedes" in her memorandum of law

> that if the creditor objects to the treatment of the balloon, payment of the balloon beyond month 60 may not be permissible. At that point [the Debtor] will amend to provide for the balloon in month 60.

Doc #18, p. 6. The Court interprets the Bank's objection to constitute an objection to the timing of the balloon payment and holds today that even if the balloon payment were included within the term of the Amended Plan, the treatment of the Bank's claim does not pass muster. Neither the Amended Plan that is before the Court nor the further amended plan as suggested by the Debtor meets the requirements of chapter 13.

## CONCLUSION

For the reasons set forth above, the Court sustains the Bank's objection and denies confirmation of the Amended Plan filed on May 10, 2007.

July 10, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[1] Although neither case presented a mortgage that was fully matured pre-petition, the Court finds their reasoning applicable to the instant matter on the question of balloon payments because, as noted above, the issue of pre-petition maturation of the debt was already a settled question at the time BAPCPA was enacted and there is nothing in BAPCPA to suggest it overrules or in any way modifies this line of cases.