*Formatted for Electronic Distribution*                                                                                                                  *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**



Filed & Entered
On Docket
August 02, 2007

_____

In re:
    **SHERRY NEWBERRY,**                                        **Chapter 13 Case**
                  **Debtor.**                                        **# 07-10170**

_____

## MEMORANDUM OF DECISION
### DENYING DEBTOR'S MOTION FOR RECONSIDERATION

On July 10, 2007, the Court entered a Memorandum of Decision (doc. # 23) and an Order (doc. # 24) Sustaining the Creditor's Objection to Debtor's Amended Chapter 13 Plan and Denying Confirmation of the Debtor's Amended Plan (together, the "Decision"). On July 20, 2007, the Debtor filed a Motion to Reconsider Denial of Confirmation (doc. # 28) (hereafter "Motion to Reconsider"). On July 31, 2007, Citizen's Bank (the "Creditor") filed Opposition to the Motion to Reconsider (doc. # 35). For the reasons set forth below, the Motion to Reconsider is denied.

**I.    Standard for a Motion to Reconsider**

A court may reconsider one of its earlier decisions when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted); Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason [be] permitted, to battle for it again"). A court should grant reconsideration when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id. The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that the Court has already fully considered, see id. at 257, but ultimately the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

**II.    Application of the Standard**

The Debtor has failed to meet the standard for this Court to grant her Motion to Reconsider, as she does not point to any intervening change of controlling law, new evidence, or clearly erroneous factual findings that would alter the previous conclusion reached by the Court. Instead, she reargues the legal merits of the Creditor's objection and critiques this Court's Decision – efforts that are properly reserved

for an appeal. Assuming *arguendo* there is a basis to address the Debtor's arguments, it would find them to be without merit.

In its Decision, the Court sustained the Creditor's objection and denied confirmation because the treatment of the Creditor's secured claim did not satisfy the requirements set forth in § 1325(a)(5). As noted in the Decision, §1325(a)(5) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). This provision describes how a plan must treat a secured claim in order to meet the requirements for confirmation:

>    (a) Except as provided in subsection (b), the court shall confirm a plan if –
>    (5)     with respect to each allowed secured claim provided for by the plan –
>       (A)     the holder of such claim has accepted the plan;
>       (B)     (i)     the plan provides that (I) the holder of such claim retain the lien securing such claim . . .
>               (ii)    the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; **and**
>               (iii)   if (I) the property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and . . [description of treatment if the collateral is personal property]; **or**
>       (C)     the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5) [emphasis added]. Pursuant to this subsection, there are three alternate means of treating secured debts in a chapter 13 plan, any one of which entitles a plan to confirmation: either (1) the creditor accepts the plan; (2) the debtor surrenders the property to the creditor; or (3) the debtor pays the creditor in full during the term of the plan and, if utilizing this option, there is the further requirement that if the debtor is making periodic payments, those payments must be in equal monthly installments.

The thrust of the Motion to Reconsider is that since the Creditor did not raise an objection specifically referring to this new provision, it must be deemed to have accepted the plan and to have satisfied § 1325(a)(5)(A). This argument is unpersuasive. First, the Court has a duty to make an affirmative determination that the requirements of § 1325 have been satisfied as a pre-requisite to entering an order confirming a chapter 13 plan. See Varela v. Dynamic Brokers, Inc. (In re Varela), 293 B.R. 489, 499 (9th Cir. BAP 2003) (noting that the law in the 9th Circuit is that the bankruptcy court "has an independent duty to make certain that the requirements for confirmation have been met, whether or not a creditor objects"); In re Rheaume, 296 B.R. 313, 314 (Bankr. D.Vt. 2003) (Court raising on its own initiative whether provision in chapter 13 plan was consistent with Code requirements); In re Ruggles, 210 B.R. 57, 59 (Bankr. D.Vt. 1997) (stating that although no objections to confirmation were made by any party in interest, § 1325(a)(4) imposed on the court an independent duty to determine whether the proposed plan was in the best interests of the creditors). Nothing in § 1325(a)5)(A) specifies that the creditor must file an objection, let alone an objection on any particular basis. Rather, the subsection requires that the Court determine

2

whether the Creditor has accepted the plan. The record in this case makes it absolutely clear that the Creditor did not accept the plan, as would be necessary to satisfy § 1325(a)(5)(A). Hence, the Debtor's first argument fails.

Second, and to the extent it is even relevant, the § 1325(a)(5) issue has in fact been raised in this case. The Trustee's memorandum of law in response to the Creditor's Objection (doc. # 20) concludes that in order for the Amended Plan to be confirmed, it must be "paid in full, through the plan, per §§1322(c)(2) and 1325(a)(5)" (doc. # 20, p 2). Thus, the Debtor's second argument also fails.

Third, to the extent the Debtor seeks reconsideration based upon the fact that the Decision constitutes an advisory opinion, the Court points to the Debtor's Memorandum of Law in which the Debtor indicated

> It appears that the crux of the creditor's argument is the interest-only payments, not the timing of the balloon. The debtor concedes that if the creditor objects to the treatment of the balloon, payment of the balloon beyond month 60 may not be permissible. At that point she will amend to provide for the balloon in month 60.

(doc. # 18, p. 6). While it is true that the amended plan described therein was not yet before the Court, given the expedited fashion in which chapter 13 cases proceed in this District, the Court's addressing the proposed amended plan was consistent with local practice, in the best interest of all parties, and an appropriate means for managing the court's docket under § 105(a). In sum, this argument too is unpersuasive, and does not provide a basis to reconsider the Court's decision denying confirmation of the Amended Plan.

### III.    Conclusion

For the reasons set forth above, the Court holds that the Debtor has failed to establish a basis for relief from the Decision, and denies the Motion to Reconsider.

_____

August 1, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge